agency to indefinitely suspend her based on the revocation of her clearance, pending its investigation of the issue. Any role that her suspension had in giving rise to unpleasant financial conditions cannot, therefore, support a finding that her resignation was involuntary. Next, substantial evidence supports the board's determination that her allegations of workplace harassment and mistreatment do not establish coercion, intolerable working conditions, or duress. This is especially so given that, due to her suspension, Richards had not worked at the agency in several months, thereby diminishing any causal connection between her working environment and her decision to retire. Finally, Richards has failed to make any specific allegation that could support a finding that agency misinformation gave rise to her resignation.

Before GAJARSA, PROST, Circuit Judges and OTERO, District Judge.*

**Judgment**

PER CURIAM.

This CAUSE having been heard and considered, it is

ORDERED and ADJUDGED:

*AFFIRMED.* *See* Fed. Cir. R. 36.

---

**JANSSEN PHARMACEUTICA N.V. and Janssen Pharmaceutica Products, L.P. (now known as Janssen, L.P.), Plaintiffs–Appellees,**

v.

**MYLAN PHARMACEUTICALS, INC., Defendant–Appellant.**

Nos. 2007–1021, 2007–1055.

United States Court of Appeals, Federal Circuit.

May 11, 2007.

Rehearing and Rehearing En Banc Denied June 19, 2007.

**Felix L. SORKIN, Plaintiff–Appellant,**

v.

**AMSYSCO, INC., Defendant–Appellee.**

No. 2006–1519.

United States Court of Appeals, Federal Circuit.

May 11, 2007.

---

* Honorable S. James Otero, District Judge, United States District Court for the Central District of California, sitting by designation.